IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| HEATHER LEWIS<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>MESQUITE SERVICES, LLC<br><br>*Defendant* | § § § § § § § § § § § § | Civil Action No. 7:17-cv-00117<br><br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE/CLASS ACTION |

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Heather Lewis, individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") brings suit against Mesquite Services, LLC ("Mesquite Services") to recover compensation, liquidated damages, attorneys' fees and costs under Section 207 and 216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and pursuant to the New Mexico Minimum Wage Act (hereinafter "NMMWA"), §§ 50-4-19 *et seq*.

## I.
## OVERVIEW

1.1     This lawsuit to recover overtime wages includes a collective action brought pursuant to the FLSA, 29 U.S.C. §§ 201–19, and a class action brought pursuant to the NMMWA and Federal Rule of Civil Procedure 23.

1.2     Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees who worked for Mesquite Services as Field Safety Technicians/Inspectors and were paid a salary but no overtime compensation for all hours worked over forty (40) in each workweek.

1.3     The FLSA and NMMWA require that all non-exempt employees receive compensation for time spent working on their employer's behalf and time and one half for all hours worked over forty in a regular workweek.

1.4     Plaintiff and the Putative Class Members routinely worked (and work) in excess of 40 hours per workweek.

1.5     Plaintiff and the Putative Class Members were not paid overtime for at least one and one half their regular rates for all hours worked in excess of forty (40) hours per workweek.

1.6      Mesquite Services knowingly and deliberately failed to fully compensate Plaintiff and the Putative Class Members for all hours worked in excess of 40 hours.

1.5     Plaintiff and the Putative Class Members did not (and do not) perform work that meets the definition of exempt work under the FLSA.[1]

1.6     Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA and NMMWA as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).

1.7     Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit and that a class action be certified protecting the rights of those employees under the NMMWA.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

## II.
## JURISDICTION & VENUE

2.1	This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It has supplemental jurisdiction over the NMMWA claims under 29 U.S.C. § 1367.

2.2	This Court has personal jurisdiction over Mesquite Services because the causes of action arose within this district as a result of Mesquite Services' conduct within this District and Division.

2.3	Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

2.4	Specifically, Plaintiff worked for Mesquite Services at its facility in this District and Division. Mesquite Services also conducts substantial business throughout West Texas (and New Mexico).

2.5	Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.
## PARTIES

3.1	Plaintiff Heather Lewis worked for Mesquite Services in Texas and New Mexico within the relevant three-year period. Plaintiff Lewis did not properly receive overtime compensation for all hour worked in excess of forty (40) hours per workweek.[2]

3.2	The Putative Class Members are those current and former Safety Technicians/Inspectors who were employed by Mesquite Services in the past three years, and have been subjected to the same illegal pay system under which Plaintiff Lewis worked and was paid—specifically, all other Safety Technicians/Inspectors.

---

[2] The written consent of Heather Lewis is attached hereto as Exhibit "A."

3.3     Mesquite Services, LLC is a New Mexico limited liability company and may be served through its registered agent for services of process: Zane Mead, 7021 Kewanee, Suite 10101, Lubbock Texas 79424.

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Mesquite Services has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

4.2     At all times hereinafter mentioned, Mesquite Services has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Mesquite Services has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Putative Class Members' employment by Mesquite Services, these individuals provided services for Mesquite Services that involved interstate commerce for purposes of the FLSA.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6	Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees who worked for Mesquite Services and were engaged in inspection services, wherein they were required to observe and inspect Defendant's vehicles in the field. 29 U.S.C. § 203(j).

4.7	At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.8	The proposed collective of similarly situated employees, i.e. potential collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Safety Technicians/Inspectors who worked for Mesquite Services, LLC, at any time in the last three years and through the final disposition of this matter, and were paid a salary for all hours worked, but did not receive overtime for all hours worked over forty (40) in each workweek" (the "FLSA Collective" or "FLSA Collective Members").

4.9	The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Mesquite Services.

## V.
## FACTS

5.1	Mesquite Services, LLC is based in Carlsbad, New Mexico and provides trucks, tanks, and hauling services for clients in West Texas and New Mexico.[3] Specifically, Mesquite offers various trucks for use in the oil field industry, including: vacuum, transport, hazmat, winch, road, and pole trucks, flat bed trucks, and low boys.[4]

---

[3] http://mesquiteservices.com/services

[4] *Id.*

5.2     Mesquite Services also provides various tanks for the same purpose, including: 210 BBL, 486 BBL, 500 BBL frac, half frac, half frac with gas buster, and blowdown tanks.[5]

5.3     In addition to vehicles and equipment, Mesquite Services also provides hauling services and rig moves for its clients in the Permian Basin.[6]

5.4     In conjunction with the above services, Mesquite Services employed Safety Technicians or Safety Inspectors who were tasked with auditing trucks hauling water from tank batteries to disposals.

5.5     Plaintiff Lewis worked for Mesquite Services from approximately August 2016 until March 2017.

5.6     During this time, Plaintiff Lewis was paid a fixed salary but did not receive time and a half for all hours worked in excess of forty (40) in a workweek.

5.7     Plaintiff and the Putative Class Members' primary job duties included traveling to various locations to audit Mesquite Services' equipment in the field.

5.8     Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Mesquite Services and/or their clients.

5.9     Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendant.

5.10    Moreover, Plaintiff and the Putative Class Members' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

---

[5] *Id.*

[6] *Id.*

5.11    Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.12    Plaintiff and the Putative Class Members did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

5.13    Plaintiff and the Putative Class Members did not supervise two or more employees.

5.14    Plaintiff and the Putative Class Members worked long hours. Specifically, Mesquite Services regularly scheduled Plaintiffs and the Putative Class Members for a minimum of twelve (12) hours per day and they regularly worked a 84 hours per week.

5.15    The FLSA and the NMMWA mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

5.16    Mesquite Services denied Plaintiff and the Putative Class Members the proper amount of overtime pay as a result of a widely applicable, illegal pay practice.

5.17    Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but did not receive the proper amount of overtime pay, and in some cases, no overtime at all.

5.18    Instead of paying the proper amount of overtime, Mesquite Services applied this pay practice despite clear and controlling law that states that the types of duties which were performed by Plaintiff and the Putative Class Members consisted of ***non-exempt*** work.

5.19    Accordingly, Mesquite Services pay policies and practices blatantly violated the FLSA and the NMMWA.

## VI.
## COLLECTIVE/CLASS ALLEGATIONS

6.1    In addition to Plaintiff Lewis, Mesquite Services employed (and continues to employ) other Safety Technicians/Inspections in the State of Texas and New Mexico within the past 3 years.

6.2     Mesquite Services paid Plaintiff and the Putative Class Members a fixed salary but no overtime compensation for all hours worked over forty each week.

6.3     The FLSA Class Members performed the job duties typical of Plaintiff and the Putative Class Members—specifically, auditing related services.

6.4     The FLSA Class is similarly situated to Plaintiff Lewis—that is, the Safety Technicians/Inspectors all performed the same job duties and were paid the same way.

6.5     The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

6.6     Plaintiff Lewis brings her state law claims on behalf of all Safety Technicians/Inspectors in New Mexico pursuant to Federal Rule of Civil Procedure 23 (the "New Mexico Class").

6.7     On information and belief, Mesquite Services employed dozens of Safety Technicians/Inspectors during the past 3 years.

6.8     These workers are geographically dispersed, residing and working in Texas and New Mexico.

6.9     Plaintiff Lewis will fairly and adequately protect the interests of the FLSA Class and New Mexico Class.

6.10    Plaintiff Lewis retained counsel who is experienced and competent in class action and employment litigation.

6.11    Plaintiff Lewis has no relevant interest contrary to, or in conflict with, the members of the classes.

6.12    Just like each member of the proposed classes, Plaintiff Lewis has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

6.13    A collective/class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

6.14    Absent these actions, many members of the classes likely will not obtain redress of their injuries and Mesquite Services will retain the proceeds of their violations of the FLSA and the NMMWA.

6.15    Furthermore, even if particular members of the classes could afford individual litigation against Mesquite Services, it would be unduly burdensome to the judicial system.

6.16    Consolidating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

6.17    There is a well-defined community of interest in the questions of law and fact affecting the New Mexico Class as a whole.

6.18    The questions of law and fact common to the New Mexico Class predominate over any questions affecting solely the individual members.

6.19    Among the common questions of law and fact are:

   a. Whether Mesquite Services employed members of the New Mexico class within the meaning of the applicable statutes, including the FLSA;

   b. Whether Safety Technicians/Inspectors were improperly classified by Mesquite Services as exempt from overtime compensation;

   c. Whether Mesquite Services' decision to classify Safety Technicians/Inspectors as exempt was in good faith;

   d. Whether Mesquite Services' violation of the FLSA and/or the NMMWA was willful;

  e. Whether Mesquite Services failed to pay Plaintiff Lewis, the FLSA Class, and the New Mexico Class overtime pay due to them by virtue of their designation as exempt; and

  f. Whether Mesquite Services kept adequate records of the hours worked by its Safety Technicians/Inspectors.

6.20 Plaintiff Lewis' claims are typical of the claims of members of the classes.

6.21 Plaintiff Lewis, the FLSA Class, and the New Mexico Class, have all sustained damages arising out of Mesquite Services' wrongful and uniform employment policy.

6.22 Plaintiff Lewis knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective or class action.

## FIRST CAUSE OF ACTION – FLSA OVERTIME

6.23 By failing to pay Plaintiff Lewis and the remaining Safety Technicians/Inspectors overtime at the required one and one-half times their regular rate of pay, Mesquite Services violated the FLSA.

6.24 Mesquite Services owes Plaintiff Lewis and the remaining Safety Technicians/Inspectors overtime wages equal to one and one-half their regular rates of pay for each overtime hour worked during the last 3 years.

6.25 Mesquite Services knew, or at a minimum showed reckless disregard for whether its failure to pay overtime at the required rates violated the FLSA.

6.26 Mesquite Services' failure to pay overtime at the required rates to Plaintiff Lewis and the remaining Safety Technicians/Inspectors was willful.

6.27 Mesquite Services owes Plaintiff Lewis and the FLSA Class an amount equal to all unpaid overtime wages as well as liquidated damages.

6.28     Moreover, Plaintiff Lewis and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## SECOND CAUSE OF ACTION: VIOLATION OF THE NMMWA
## (NEW MEXICO CLASS)

6.29     The conduct alleged in this Complaint violates the New Mexico Minimum Wage Act ("NMMWA"), NMSA 1978 § 50-4-19 *et seq*.

6.30     Mesquite Services was and is an "employer" within the meaning of the NMMWA.

6.31     At all relevant times, Mesquite Services employed Plaintiff Lewis and each of the New Mexico Class Members, as "employees" within the meaning of the NMMWA.

6.32     The NMMWA requires employers like Mesquite Services to pay overtime to all non-exempt employees.

6.33     Plaintiff Lewis and the other New Mexico Class Members are **<u>non-exempt</u>** employees who are entitled to be paid overtime at the proper rate for all overtime hours worked.

6.34     Within the relevant limitations period, Mesquite Services had a policy and practice of failing to pay overtime to the New Mexico Class Members for their hours worked in excess of 40 hours each week.

6.35     As a result of Mesquite Services' failure to pay overtime to Plaintiff Lewis and the New Mexico Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Mesquite Services violated the NMMWA.

6.36     Plaintiff Lewis and the New Mexico Class Members seek the amount of their underpayments based on Mesquite Services' failure to pay one and one-half times their regular rates of pay for work performed in excess of 40 hours in a workweek, an equal amount as liquidated damages, and such other legal and equitable relief from Mesquite Services' willful conduct as the Court deems just and proper.

6.37   Plaintiff Lewis and the New Mexico Class Members seek recovery of attorneys' fees and costs of this action to be paid by Mesquite Services, as provided by the NMMWA.

# VII.
# RELIEF SOUGHT

Plaintiff Lewis respectfully prays for judgment and relief against Mesquite Services as follows:

7.1   For an Order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class;

7.2   For an Order certifying the New Mexico Class as a class action pursuant to Federal Rule of Civil Procedure 23.

7.3   Judgment awarding Plaintiff Lewis and the FLSA Class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

7.4   Judgment awarding Plaintiff Lewis and the New Mexico Class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the NMMWA;

7.5   An award of post-judgment interest on all amounts awarded at the highest rate allowable by law;

7.6   All such other and further relief that Plaintiff Lewis, the FLSA Class, and/or the New Mexico Class are justly entitled.

Respectfully submitted,

By:    */s/ Clif Alexander*
       **Clif Alexander**
       Federal I.D. No. 1138436
       Texas Bar No. 24064805
       clif@a2xlaw.com
       **ANDERSON2X, PLLC**
       819 N. Upper Broadway
       Corpus Christi, Texas 78401
       Telephone: (361) 452-1279
       Facsimile: (361) 452-1284

**ATTORNEY IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**