# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **HEATHER LEWIS**<br>Individually and on behalf of all others similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>**MESQUITE SERVICES, LLC**<br><br>*Defendant* | § § § § § § § § § § § § | Civil Action No. 7:17-cv-00117-RAJ-DC<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE/CLASS ACTION** |

## JOINT MOTION FOR CONFIDENTIAL APPROVAL OF
## SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Heather Lewis, individually and on behalf of all opt-in plaintiffs[1] (collectively, "Plaintiffs"), and Defendant Mesquite Services, LLC ("Defendant") (Plaintiffs and Defendant are collectively referred to as the "Parties"), file this Joint Motion for Confidential Approval ("Motion") of Settlement Agreement ("Settlement Agreement") filed under seal as Exhibit "A" to the Motion, asking that the Court: (1) confidentially approve the Parties' Confidential Agreement as expressed therein, filed as Exhibit A under seal; and (2) dismiss this lawsuit with prejudice in a public filing. The Parties respectfully state as follows in support of this Motion:

### I.     FACTUAL BACKGROUND

1. On June 12, 2017, Plaintiff Heather Lewis brought suit against Defendant for alleged failure to pay overtime compensation for hours worked over 40 in a workweek in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19 *et seq.* [**Dkt. 1**].

---

[1] Trystan Milligan and Christopher Michael Adams.

2. Plaintiffs alleged they were misclassified as exempt employees and that they did not receive time and a half for all hours worked in excess of forty in a workweek. [*Id.*]

3. Defendant answered this suit on July 10, 2017 [**Dkt. 8**], denying all allegations and liability, denying that the matter should proceed as a collective action, and asserting that Plaintiffs were exempt from being paid overtime under the FLSA and the NMMWA.

4. On January 2, 2018, the Parties filed an Agreed Stipulation Regarding Conditional Certification and Notice to the Putative Class Members [**Dkt. 11**] and the Court granted the Stipulation on January 3, 2018 [**Dkt. 12**]. Pursuant to the Court's order granting the Stipulation, Plaintiffs' counsel sent out Notice to the Putative Class on January 19, 2018 [**Dkt. 13**].

5. On February 20, 2018, Christopher Michael Adams joined as a Plaintiff [**Dkt. 16**], and Trystan Milligan joined as a Plaintiff on February 26, 2018 [**Dkt. 18**].

6. The deadline to join this case has now passed and no other Plaintiffs, other than those specifically named herein, have filed a consent to join this case.

7. Despite the Parties' ongoing dispute regarding the validity of Plaintiffs' claims, the Parties have entered into the Agreement to bring the lawsuit to an expeditious conclusion.

8. Contemporaneously with this Motion, the Parties are filing a Joint Motion to File Settlement Agreement under Seal. The Settlement Agreement contains a confidentiality provision that is an essential and material term. Accordingly, the Parties agree that the Settlement Agreement should be kept confidential and respectfully request that the Court enter its approval under seal.

## II.   THE NEED FOR COURT APPROVAL

9. This case involves claims for unpaid wages brought under the FLSA. The FLSA's overtime guarantee cannot be waived. *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945). "No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act." *Id.* Accordingly, "FLSA claims (for unpaid overtime, in this case) cannot be waived." *Bodle v.*

*TXL Mortg. Corp.,* 788 F.3d 159, 164 (5th Cir. 2015) (parenthetical in original) (citing *Brooklyn Savings,* 324 U.S. at 706-08). To ensure settlements do not improperly waive the FLSA's guarantees, the law requires supervision of these cases by either the Department of Labor or the Court. Section 16(c) of the Act allows the Secretary of Labor to bring an action against the employer, and to supervise the payment of back wages owed to employees. 29 U.S.C. § 216(c) (2016). In the absence of such action by the Department of Labor—such as when the employee initiates the action personally—"there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Bodle*, 788 F.3d at 164 (quoting *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982) (emphasis removed). The Court, accordingly, may approve the settlement if it "reflects a reasonable compromise over issues." *Villeda v. Landry's Restaurants, Inc.,* 2009 WL 3233405, at *1 (S.D. Tex. October 7, 2009).

      10.     However, there is conflicting authority regarding whether such claims may be settled in the absence of Court approval within the Fifth Circuit which has enforced a private compromise of an FLSA claim negotiated between an employer and employee(s) even in the absence of court approval, where there existed "a bona fide dispute as to liability" as to the amount of hours worked and the compensation due. *See Martin v. Spring Break '83 Production* 688 F.3d 247, 255 (5th Cir. 2012). Courts review settlements in FLSA cases to determine whether "the settlement involves the resolution of a bona fide dispute over an FLSA provision and [whether] the settlement is fair and reasonable." *Rivas, et al., v. Beacoup Crawfish of Eunice, Inc., et al.,* 2014 U.S. Dist. LEXIS 153370, at *6-7 (W.D. La. October 10, 2014) (citing *Lynn's Food Stores,* 679 F.2d at 1352-55). *See Villegas v. Regions Bank,* 2013 U.S. Dist. LEXIS 1690, at *5 (S.D. Tex. Jan. 4, 2013) (Rosenthal, J.).

11. Given the conflicting authority on this issue and in an abundance of caution, the Parties nevertheless request Court approval of the Settlement Agreement. Although the Parties have decidedly different views of the merits of this case, all agree that the Settlement Agreement is fair, reasonable, and represents a reasonable compromise of the disputed issues in this case.

12. The Parties also jointly request that the Court review the Settlement Agreement confidentially and under seal. This settlement does not impact the claims or interests of any individuals who are not parties to the present action. In light of this, the Parties request that the Court confidentially approve this settlement.

### III.  THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

13. In this case, the Settlement Agreement is fair and reasonable because significant uncertainty exists with respect to the facts and the legal standards that will be used, in particular regarding whether Plaintiffs were exempt from overtime under the FLSA and/or NMMWA, were paid for all hours worked and, if so, at the appropriate rate, how many hours Plaintiffs worked, and if owed overtime, for how many hours.

14. Due to the conflicting factual allegations and the degree to which this case will turn on the interpretation of the FLSA and the NMMWA, the Parties have agreed that a settlement for the amount reflected in the Settlement Agreement is in their best interests.

15. In exchange for the amounts reflected in the Settlement Agreement, Plaintiffs agree to release Defendant from the claims asserted in this lawsuit, as well as any and all claims they may have against Defendant arising out of or relating to their employment on or before the date of the Settlement Agreement.

## IV.     PRAYER

WHEREFORE, the Parties respectfully request that the Court review the Confidential Agreement filed under Seal as Exhibit A; approve the Settlement Agreement as a fair and reasonable compromise, and dismiss the lawsuit with prejudice.

Date:   June 18, 2018                           Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:     */s/ Clif Alexander*
        **Clif Alexander**
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Lauren E. Braddy**
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander